FILED
2005 May-04  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARLENE WOODY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CV 04-B-2703-S |
| | ) |
| **FORCE ONE SECURITY, L.L.C.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

This case is presently before the court on defendant's Motion for Summary Judgment and Motion to Dismiss. (Doc. 6.) Plaintiff, Marlene Woody, has sued her former employer, defendant Force One Security, L.L.C., alleging that she was terminated on the basis of her gender in violation of Title VII. Defendant has filed a Motion for Summary Judgment and Motion to Dismiss on the ground that it is not an employer subject to Title VII. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment and Motion to Dismiss, (doc. 6), is due to be denied.

## I. SUMMARY JUDGMENT STANDARD[1]

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor.

---

[1] Although defendant contends that this case should be dismissed under Fed. R. Civ. P. 12(b)(1) – dismissal for lack of jurisdiction, the Eleventh Circuit has indicated that the issue of whether a defendant is an employer under Title VII should be decided under Fed. R. Civ. P. 56. *Morrison v. Amway Corp.*, 323 F.3d 920, 927-930 and n.9 (11th Cir. 2003).

*See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every ***reasonable*** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. DISCUSSION

Title VII provides: "It shall be an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's . . . sex . . . . 42 U.S.C. § 2000e-2(a)(1). The term "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b).

Defendant contends that plaintiff's claims, brought pursuant to Title VII, are due to be dismissed because it does not employ 15 employees. (Doc. 6 ¶ 1.) In support of this position, defendant has submitted the Affidavit of Jerome Radford, CEO of Force One Security. (Doc. 6, Ex. 1.) Plaintiff, in opposition, has filed the Declaration of Milton E. Wren, Jr., former Office Manager with defendant, who swears that defendant employed 17 employees. (Doc. 9, Ex. 1 ¶ 3.)

Viewing the facts in the light most favorable to plaintiff, as the non-moving party, the court finds a genuine dispute regarding the number of persons employed by defendant. Therefore, defendant's Motion for Summary Judgment and Motion to Dismiss is due to be denied.[2]

---

[2] The decision of the court to deny defendant's Motion for Summary Judgment and Motion to Dismiss does not prejudice defendant's right to move for summary judgment on

**CONCLUSION**

For the foregoing reasons, the court is of the opinion that there are material facts in dispute and that defendant is not entitled to judgment as a matter of law.  An Order denying defendant's Motion for Summary Judgment and Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 3rd day of May, 2005.



_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

---

the ground that defendant does not, and did not during the relevant time period, employee 15 or more persons, after additional discovery.